IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



DARYL JENKINS,

    Plaintiff,

v.                                  Civil Action No. 3:18CV168

WILLIAM O'BRIEN, et al.,

    Defendants.

**MEMORANDUM OPINION**

Daryl Jenkins, a Virginia inmate proceeding pro se, filed this 42 U.S.C. § 1983 action.[1] The action proceeds on the PARTICUARIZED COMPLAINT. ("Complaint," ECF No. 16.) The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

**I. PRELIMINARY REVIEW**

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state

---

[1] The statute provides, in pertinent part:

    Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); see 28 U.S.C. § 1915A. The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." Clay v. Yates, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Id. (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," id. (citation omitted), stating a claim that is "plausible on its face," id. at 570, rather than merely "conceivable." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp., 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002); Iodice v. United States, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly,

while the Court liberally construes pro se complaints, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. ALLEGATIONS

In his Complaint, Jenkins argues that Defendant Judge William O'Brien, who presumably presided over Jenkins's state criminal proceedings, and Julie Fink, the prosecutor in Jenkins's state criminal proceedings, violated his First, Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendment rights. (Compl. 2.)[2] Jenkins contends that:

> My rights were violated by not being recognized as a natural person, living man 28 U.S.C. 1391. My rights were violated by conducting my trial while I was not present violating my due process rights, to be informed of the nature and cause of the accusation was violated by having the wrong charge on the Indictment and my right to counsel was violated by Judge not holding a colloquy with me.
> My rights were violated by the Court inflicting cruel and unusual punishment on me going over my

---

[2] The Court employs the pagination assigned by the CM/ECF docketing system to Jenkins's submissions. The Court corrects the capitalization, spelling, and punctuation in quotations from Jenkins's submissions. Jenkins failed to identify either Defendant's title in the Particularized Complaint. Nevertheless, Jenkins identified each Defendant by title on the first pages of the original complaint. (ECF No. 1, at 1, 3.)

4

guidelines and jury recommendations of 6 years causing me physical, psychological, and emotional damage.

(Compl. 1.) Jenkins argues that "Julie Fink is liable because of prosecutorial misconduct." (Id. at 2.) He also argues that "William O'Brien is liable for violating my rights on the bench." (Id.) Jenkins asks for a "declaration that the acts and omissions described herein violate his rights," and monetary damages. (Id. at 3.)

### III. ANALYSIS

It is both unnecessary and inappropriate to engage in an extended discussion of Jenkins's terse theories for relief. See Cochran v. Morris, 73 F.3d 1310, 1315 (4th Cir. 1996) (emphasizing that "abbreviated treatment" is consistent with Congress's vision for the disposition of frivolous or "insubstantial claims" (citing Neitzke v. Williams, 490 U.S. 319, 324 (1989))). Jenkins's Complaint will be dismissed for failing to state a claim under Federal Rule of Civil Procedure 12(b)(6) and as legally frivolous.

#### A. Judicial Immunity

Jenkins faults Judge William O'Brien for several perceived errors during his state criminal proceedings. However, judges are absolutely immune from suits under § 1983 for acts committed within their judicial discretion. Stump v. Sparkman, 435 U.S. 349, 355-56 (1978). "Absolute judicial immunity exists 'because

5

it is recognized that judicial officers in whom discretion is entrusted must be able to exercise discretion vigorously and effectively, without apprehension that they will be subjected to burdensome and vexatious litigation.'" Lesane v. Spencer, No. 3:09CV012, 2009 WL 4730716, at *2 (E.D. Va. Dec. 3, 2009) (citations omitted) (quoting McCray v. Maryland, 456 F.2d 1, 3 (4th Cir. 1972) overruled on other grounds, Pink v. Lester, 52 F.3d 73, 77 (4th Cir. 1995)). Judges are entitled to immunity even if "the action he took was in error, was done maliciously, or was in excess of his authority . . . ." Stump, 435 U.S. at 356. Only two exceptions apply to judicial immunity: (1) nonjudicial actions, and (2) those actions "though judicial in nature, taken in complete absence of all jurisdiction." Mireles v. Waco, 502 U.S. 9, 11-12 (1991) (citation omitted). Jenkins fails to allege facts suggesting that either exception applies in this instance. Accordingly, his claims against Judge O'Brien will be dismissed.

B. **Prosecutorial Immunity**

Prosecutorial immunity, however, bars Jenkins's claims for monetary damages against Julie Fink. See Imbler v. Pachtman, 424 U.S. 409, 430 (1976). Prosecutorial immunity extends to actions taken while performing "the traditional functions of an advocate," Kalina v. Fletcher, 522 U.S. 118, 131 (1997) (citations omitted), as well as functions that are "intimately

6

associated with the judicial phase of the criminal process." Imbler, 424 U.S. at 430. To ascertain whether a specific action falls within the ambit of protected conduct, courts employ a functional approach, distinguishing acts of advocacy from administrative duties and investigative tasks unrelated "to an advocate's preparation for the initiation of a prosecution or for judicial proceedings." Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993) (citation omitted); Carter v. Burch, 34 F.3d 257, 261-63 (4th Cir. 1994). Absolute immunity protects those "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State." Buckley, 509 U.S. at 273.

Jenkins vaguely suggests that Fink engaged in prosecutorial misconduct, but fails to identify with the requisite specificity how she was personally involved in the deprivation of his rights. (Compl. 1-2.) In his terse allegations, Jenkins fails to allege facts suggesting that Fink acted outside of her role as advocate for the Commonwealth of Virginia. See Springmen v. Williams, 122 F.3d 211, 212-13 (4th Cir. 1997) ("The doctrine of absolute immunity squarely covers a prosecutor's decision to go forward with a prosecution."); Carter, 34 F.3d at 263 (explaining that "although the trial had been completed, [the prosecutor's] functions in representing the State in . . . post-

7

conviction motions . . . very much implicated the judicial process . . .")․ Thus, Jenkins's claims for monetary damages against Fink are foreclosed, and will be dismissed.[3]

### IV. CONCLUSION

For the foregoing reasons, the action will be dismissed as frivolous and for failure to state a claim under 28 U.S.C. § 1915(e)(2). The Clerk will be directed to note the disposition of the action for purposes of 28 U.S.C. § 1915(g).

The Clerk is directed to send a copy of the Memorandum Opinion to Jenkins.

It is so ORDERED.

/s/ /REP/
Robert E. Payne
Senior United States District Judge

Date: September 18, 2018
Richmond, Virginia

---

[3] To the extent that Jenkins wishes this Court to invalidate his state conviction or sentence, he may not seek such relief in § 1983. "[T]he settled rules [provide] that habeas corpus relief is appropriate only when a prisoner attacks the fact or duration of confinement, see Preiser v. Rodriguez, 411 U.S. 475 (1973); whereas, challenges to the conditions of confinement that would not result in a definite reduction in the length of confinement are properly brought" by some other procedural vehicle, including a 42 U.S.C. § 1983 complaint. Olajide v. B.I.C.E., 402 F. Supp. 2d 688, 695 (E.D. Va. 2005) (emphasis omitted) (internal parallel citations omitted) (citing Strader v. Troy, 571 F.2d 1263, 1269 (4th Cir. 1978)).

8